**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Artemio GOMEZ–CUEVAS,**
**Defendant–Appellant.**

No. 89–2189.

United States Court of Appeals,
Tenth Circuit.

Nov. 7, 1990.

Michael G. Katz, Federal Public Defender, and Susan L. Foreman, Asst. Federal Public Defender, on the brief for defendant-appellant.

William L. Lutz, U.S. Atty., and Stephen R. Kotz, Asst. U.S. Atty., on the brief for plaintiff-appellee.

Before MOORE, SETH and TACHA, Circuit Judges.

TACHA, Circuit Judge.

On April 13, 1989, defendant-appellant Artemio Gomez–Cuevas (Gomez) was charged by a grand jury on two counts. Count I charged possession with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. Count II charged importation of more than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 952(a) and 960(b)(3) and 18 U.S.C. § 2. Gomez entered a plea of guilty to Count I, which the district court accepted. Under the plea agreement, Count II was dropped, as were charges against Gomez' co-defendant.

Gomez alleges on appeal he should be allowed to enter a new plea because he did not enter his plea knowingly and voluntarily. He contends the district court erred in failing to advise him: (1) of the nature of the charge; (2) of the rights included in his right to a jury trial; (3) that his responses could be used against him in a perjury prosecution; and (4) that the Sentencing Guidelines would apply, all in violation of Rule 11 of the Federal Rules of Criminal Procedure. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Before accepting Gomez' plea, the district court placed Gomez under oath and, through an interpreter, established his ability to comprehend the proceedings. The district judge asked Gomez whether he fully understood the charges and had had sufficient time to discuss them with his attorney. Gomez responded affirmatively to both questions. The judge explained Gomez was presumed innocent and the government would have to prove its case to a twelve-member jury, which would have to agree unanimously, before he could be found guilty of the charges. The court ascertained that Gomez understood he would forfeit his right to a jury trial by entering a plea of guilty.

The judge further advised Gomez that if he entered a plea of guilty and the court accepted the plea, then the court could impose the statutory maximum penalty, including a sentence of twenty years in prison, a fine of up to $1,000,000, and a supervised release period of at least three years. Gomez stated he understood the possible penalties.

The court also informed Gomez he had a right not to incriminate himself. The court explained he would lose this right if he entered a plea of guilty because the court must ask questions about the charge to make certain the plea was proper. Gomez indicated he understood. The court then questioned Gomez as to the factual basis for the plea. Gomez stated he knew he had the marijuana and he was going to distribute it. Following this discussion, Gomez pleaded guilty to Count I of the indictment.

The parties filed the executed plea agreement with the court. The court asked Gomez whether his attorney had obtained his consent and authority to negotiate the plea agreement on his behalf. Gomez responded "yes." Gomez also told the court that neither the government nor anyone else had made any promises in exchange for his plea of guilty beyond the terms of the plea agreement. He further stated no one had threatened him or coerced him to plead guilty. Finally, Gomez testified he entered the guilty plea voluntarily and willingly.

■ Gomez now asserts the court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure during the plea hearing. The issue of whether a district court has complied with Rule 11 before accepting a guilty plea is primarily a question of law subject to de novo review. *See United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir.1990) (to be reported at 913 F.2d 839); *United States v. Jamarillo–Suarez*, 857 F.2d 1368, 1369 (9th Cir.1988).

■ A defendant's guilty plea must be knowing and voluntary. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969).[2] Rule 11

---

2. In *McCarthy*, the Supreme Court required strict adherence to the then-current version of Rule 11 to ensure the validity of a guilty plea. 394 U.S. at 463–64, 89 S.Ct. at 1169; *see also Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274 (1969) ("strict adherence unquestionably enhances the reliability of the voluntariness determination"); *Halliday v. United States*, 394 U.S. 831, 832, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) (*McCarthy* rule adopted to ensure every criminal defendant who pleads guilty is protected by Rule 11's procedural safeguards, which are "designed to facilitate the determination of voluntariness of his plea"). As the Fifth Circuit has remarked, however, "[a]t the time of *McCarthy*, Rule 11 was a relatively short and general pronouncement of little more than 100 words." *United States v. Dayton*, 604 F.2d 931, 936 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 and *cert. denied sub nom. Flanagan v. United States*, 445 U.S. 971, 100 S.Ct. 1665, 64 L.Ed.2d 249 (1980). The Rule has since undergone a more than tenfold increase in size and now bears only a slight resemblance to its form at the time the Supreme Court decided *McCarthy*. *See United States v. Williamson*, 806 F.2d 216, 220 (10th Cir.1986); *Dayton*, 604 F.2d at 936. Thus, our determination of whether a defendant's guilty plea is knowing and voluntary no longer consists of simply checking the trial court's incantation of the formula of Rule 11. *See* Fed.R.Crim.P. 11 advisory committee's note (1983 amendment, Rule 11(h)) ("Rule 11 should not be given such a crabbed interpretation that ceremony [is] exalted over substance"); *Dayton*, 604 F.2d at 939–40 ("One who has pled guilty and done so voluntarily, understandingly, and with knowledge of the consequences of his plea ... has evinced a desire to waive technicalities, to come to terms with the legal system, and to admit his fault."). As noted in *United States v. Barry*, 895 F.2d 702, 705 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990), we now review all alleged

prescribes procedures designed to ensure that pleas are entered knowingly and voluntarily. We agree with the Fifth Circuit that "the values lying at the heart of the rule's concerns [are] absence of coercion, understanding of the accusation, and knowledge of the direct consequences of the plea." *United States v. Dayton*, 604 F.2d 931, 939 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 and *cert. denied sub nom. Flanagan v. United States*, 445 U.S. 971, 100 S.Ct. 1665, 64 L.Ed.2d 249 (1980). These three concerns guide us as we review Gomez' allegations of error in light of the harmless error analysis required by Rule 11(h). *See, e.g., United States v. Barry*, 895 F.2d 702, 704 (10th Cir.) (court need not vacate appellant's conviction and sentence unless substantial rights affected), *cert. denied*, ── U.S. ──, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990); *United States v. Vance*, 868 F.2d 1167, 1172 (10th Cir.1989) (when record does not show that court's failure to inform defendant of possible restitution affected his decision to plead guilty, error is harmless).

▇▇▇ First, Gomez argues that the district court failed to advise him fully of the nature of the charge, as Rule 11(c)(1) requires. In *Stinson v. Turner*, 473 F.2d 913, 916 (10th Cir.1973), this court held a district court may satisfy Rule 11 and the Constitution by explaining the nature of the charge in plain terms. The advisory committee's notes to the 1974 amendment further explain that "[t]he method by which the defendant's understanding of the nature of the charge is determined may vary from case to case, depending on the complexity of the circumstances and the particular defendant." Fed.R.Crim.P. 11 advisory committee's notes.

Based on these standards, we are certain that Gomez understood the nature of the charge. In his colloquy with the district court, Gomez admitted he had discussed the charges with his attorney and understood them. He stated he knew he had the marijuana and that he was going to distribute it. The written plea agreement Gomez signed also stated that he desired to plead guilty to possession with intent to distribute more than fifty kilograms of marijuana. There is no more about the charge that Gomez need understand. Any error, which we fail to perceive, would be harmless under Rule 11(h).

▇▇▇ Second, Gomez complains the court did not explain his right to a jury trial as Rule 11(c)(3) requires. Gomez insists that Rule 11 requires the judge to inform him that his fifth amendment rights include the right to assistance of counsel, to confront and cross-examine witnesses, and to be free from compelled self-incrimination. However, in *United States v. Williamson*, 806 F.2d 216, 222 (10th Cir.1986), we held a district court's failure to explicate the components of a jury trial does not violate the requirements of Rule 11.[3] *Accord United States v. Stead*, 746 F.2d 355, 357 (6th Cir.1984), *cert. denied*, 470 U.S. 1030, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985). The inquiry is not whether the rights inherent in a jury trial were enumerated, but rather whether the record affirmatively shows "a voluntary and intelligent plea." *Stinson*, 473 F.2d at 915–16. The failure to advise a criminal defendant of his right to confront and cross-examine witnesses is harmless error when the guilty plea is voluntary and the defendant understands the nature of the charges against him. *Stead*, 746 F.2d at 357.

▇▇▇ We are convinced Gomez entered the plea voluntarily and knowingly. Gomez responded affirmatively when the court asked him whether his attorney had obtained his consent and authority to nego-

Rule 11 violations in accord with the mandate of Rule 11(h): "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).

3. Ideally, of course, the sentencing court *will* enumerate these rights to avoid any possibility of misunderstanding. As we recently noted in *United States v. Barry*, "it is ... true ... that thoughtful and careful compliance with Rule 11 best serves the fair and efficient administration of criminal justice." 895 F.2d 702 at 705 (quoting advisory committee's notes to 1983 amendment to Rule 11).

tiate the plea agreement on his behalf. He also stated no one had threatened him or coerced him to plead guilty. Gomez further testified he entered the plea of guilty voluntarily and willingly. There is no evidence in the record, nor does Gomez allege, that the defendant was under the influence of drugs or alcohol at any stage of the guilty plea. We hold that Gomez entered his plea voluntarily and knowingly. Thus, the district court's failure to inform Gomez of his right to confront and cross-examine witnesses is harmless error. Also, there was no prejudice in the court's failure to advise Gomez he had a right to counsel because Gomez already was represented by counsel. Finally, because Gomez voluntarily waived his right to be free from compelled self-incrimination before responding at the pleading hearing, the court need not further advise him of this right.

■ Third, Gomez contends he was not advised his responses in court could be used against him in a prosecution for perjury, as Rule 11(c)(5) requires. We find no merit in this contention. In *United States v. Pinto*, 838 F.2d 1566, 1569 (11th Cir. 1988), the Eleventh Circuit held a court's failure to so advise is an insufficient basis to attack a plea absent a threat of prosecution for perjury or some other showing of prejudice. *See also United States v. Law*, 633 F.2d 1156, 1157 (5th Cir.), *cert. denied*, 451 U.S. 992, 101 S.Ct. 2332, 68 L.Ed.2d 852 (1981). Here, Gomez does not face a threat of prosecution for perjury, and he demonstrates no other prejudice that might result. Based on Rule 11(h), we hold the court's failure to advise Gomez his responses could be used against him in a prosecution for perjury is harmless error.

■ Fourth, Gomez attaches the greatest significance to the court's failure to tell him the Sentencing Guidelines would "determine" the range of his sentence and

this range is related directly to the quantity of marijuana involved. We cannot accept Gomez' argument that the district court's failure to inform him the Sentencing Guidelines would apply to his case violated Rule 11(c)(1). At the time Gomez entered his plea, Rule 11(c)(1) required the sentencing court to inform a defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." It did not require the court to discuss the Guidelines with defendants.[4]

Gomez contends that the court's failure to inform him the Guidelines would apply is the "functional equivalent" of a failure to inform him of a statutory minimum sentence in violation of Rule 11(c)(1). However, we recently have held that Rule 11(c)(1) requires a court to inform the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law," not the applicable Guidelines range. *United States v. Rhodes*, 913 F.2d 839, 843-44 (10th Cir.1990) (to be reported at 913 F.2d 839) (citing *United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir.1989)). In *Fernandez*, the Second Circuit held Rule 11 is satisfied when a court informs the defendant of the maximum and minimum *statutory* sentences. *Id.* at 1143 (citing advisory committee's notes to 1974 amendment); *accord United States v. Salva*, 902 F.2d 483, 486-87 (7th Cir.1990); *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990); *United States v. Henry*, 893 F.2d 46, 48 (3d Cir.1990); *United States v. Turner*, 881 F.2d 684, 686 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).[5]

In *United States v. Henry*, the Third Circuit further explained the rationale behind this requirement. The court reasoned

---

**4.** The Rule was amended effective December 1, 1989 to require the sentencing court to advise the defendant of "the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances." Fed.R.Crim.P. 11(c)(1).

**5.** The offense to which Gomez pled guilty had no statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(C) (mandating sentence of "not more than 20 years"). Therefore, Rule 11 did not require the court to advise Gomez of a statutory minimum sentence or its functional equivalent.

that the bottom of a Guideline range does not necessarily equate with the "mandatory minimum penalty provided by law" because downward departures from the Guidelines are permitted under 18 U.S.C. § 3553(b). 893 F.2d at 48. Because Rule 11(c)(1) is predicated on statutory minimum and maximum sentences readily ascertainable from the face of the applicable statute, it is possible for a court to tell a defendant what statutory sentence range he faces. In contrast, the Guideline range can be affected by a variety of factors that a sentencing court cannot know before a presentence report is available. Therefore, any estimate of the Guideline range a court would provide before the presentence report is available would likely be incorrect. *Id.* at 49. As the court in *Henry* pointed out, an incorrect estimate could itself form the basis for an allegation that the guilty plea should be invalidated. *Id.* at 48–49.

We are persuaded by this reasoning and reject Gomez' argument. The court's failure to advise a defendant that the Guidelines apply is not the functional equivalent of a failure to inform him of a statutory minimum sentence.[6] Moreover, even if Rule 11 supported Gomez' "functional equivalent" argument, we hold the court's failure to advise Gomez the Guidelines apply would be harmless error under Rule 11(h). In *United States v. Barry*, 895 F.2d 702, 704 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990), we held that the court's failure to apprise the defendant of a mandatory period of supervised release did not prejudice his decision to plead guilty because he did not show it had a significant impact on his decision. Similarly, Gomez has not shown

that knowledge of the Guidelines' application would have changed his decision to plead guilty.

Gomez contends he was prejudiced because the written plea agreement implies the court had the option of imposing probation or minimal imprisonment. The agreement stated that "the matter of sentencing is left entirely in the discretion of the court." Gomez asserts he should have been informed that under the Guidelines the court did not have the option of imposing probation or minimal imprisonment.

▋▋▋▋ We fail to understand the significance of this argument based on the requirements of Rule 11. First, we find it highly unlikely a boilerplate disclaimer made by the prosecution about the responsibility of the court in sentencing could reasonably lead Gomez to expect a sentence of probation from the court. *See United States v. Salva*, 902 F.2d 483, 487–88 n. 6 (7th Cir.1990). Second, the statement in the plea agreement is not inaccurate. The Guidelines grant a sentencing court substantial discretion to depart downward. *See, e.g., United States v. Henry*, 893 F.2d 46, 48 (3d Cir.1990) (court may depart downward from Guidelines in certain circumstances). Finally, because Rule 11 does not require a district court to advise a defendant what sentence he is likely to receive under the Guidelines, we find no legal basis for Gomez' view the court should have corrected his unsubstantiated belief about the likelihood of a probation sentence.[7]

We also find no merit in the distinction Gomez draws between his position and the other cases addressing a court's failure to advise a defendant of the application of the

---

6. We reiterate our view, however, that sentencing courts should exercise the greatest care practical to ensure the three core concerns of Rule 11 are met. Specifically, we note that the Sentencing Commission's policy statement on accepting plea agreements recommends that:

> The court shall defer its decision to accept or reject any nonbinding recommendation pursuant to Rule 11(e)(1)(B), and the court's decision to accept or reject any plea agreement pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the presentence report, unless a report is not required under section 6A1.1.

United States Sentencing Comm'n, *Guidelines Manual* § 6B1.1(c), p.s. The recent amendment to Rule 11(c)(1), instructing courts to inform defendants that the Guidelines apply should also mitigate this potential problem in the future. *See supra* note 4.

7. Gomez also contends the court's failure to advise him about the likelihood of probation violates fundamental fairness. We reject this contention based on the reasoning of the Seventh Circuit in *Salva*, 902 F.2d at 487–88.

**1528**

Guidelines. The defendants in the cases we have cited contended Rule 11 was violated because they were not informed *how* the Guidelines would affect their sentences. *Rhodes,* 913 F.2d 839, 843; *Salva,* 902 F.2d at 487–88; *Thomas,* 894 F.2d at 997; *Henry,* 893 F.2d at 48; *Turner,* 881 F.2d at 687; *Fernandez,* 877 F.2d at 1143. Gomez contends Rule 11 required the court to advise him *that* the Guidelines applied. We hold there is no significance in this distinction. As we explained above, Rule 11(c)(1) only required the court to advise Gomez of the maximum statutory sentence, which it did. The Rule did not require the court to inform Gomez that or how the Guidelines apply. Further, we find Gomez has demonstrated no prejudice from the court's failure to inform him that the Guidelines would apply.

We hold that Gomez entered his guilty plea knowingly and voluntarily. He fully understood the nature of the charges to which he pleaded guilty. He entered his plea freely. Gomez knew he was avoiding potential penalties through his plea agreement. He knew the penalties he was facing in pleading guilty to Count I. Because Gomez' substantial rights were not affected, we must disregard any variance from the procedures Rule 11 prescribes. We find no reason Gomez should be permitted to enter a new plea and we AFFIRM.