968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Boyd BEASLEY, Defendant-Appellant.
 No. 90-6020.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1992.
 
 Before LOGAN, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 EBEL, Circuit Judge
 
 2
 Defendant Carl Boyd Beasley pled guilty to conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). He appeals,[1] claiming that the district court accepted his guilty plea without informing him of, or ascertaining whether he understood the nature of, the charge of conspiracy, in violation of Fed.R.Crim.P. 11(c). In addition, defendant claims that there was insufficient factual basis to support his guilty plea to the conspiracy charge. After review of the record, we affirm.
 
 
 3
 Fed.R.Crim.P. 11 provides in pertinent part:
 
 
 4
 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 
 
 5
 (1) the nature of the charge to which the plea is offered ...
 
 
 6
 ....
 
 
 7
 (f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.
 
 
 8
 "The issue of whether a district court has complied with Rule 11 before accepting a guilty plea is primarily a question of law subject to de novo review." United States v. Gomez-Cuevas, 917 F.2d 1521, 1524 (10th Cir.1990). Examination of whether the requirements of Rule 11(c) and its underlying protection of the defendant from coercion and from misunderstanding the charges or the consequences of the plea " 'vary from case to case, depending on the complexity of the circumstances and the particular defendant.' " Id. at 1525 (quoting Fed.R.Crim.P. 11 advisory committee's notes).
 
 
 9
 At the time the plea was entered, defendant was forty-four years old and had a ninth grade education. He was represented by counsel at all times during the proceedings. He and his attorney signed a plea petition form in which defendant stated affirmatively that he understood the nature of the charges against him and that his attorney had explained the charges against defendant. R.Vol. I tab 6. At the plea proceeding itself, defendant stated that he had discussed the charges with his attorney and that he understood them. The prosecuting attorney read the charges from the indictment, and defendant stated that he fully understood those charges. The prosecuting attorney described an overt act of conspiracy wherein defendant purchased sixteen ounces of cocaine for subsequent redistribution. R.Vol. III at 5. The district court engaged defendant in the following colloquy:
 
 
 10
 THE COURT: You understand that what you intend to plead guilty to is conspiracy to distribute cocaine and distribution of cocaine. Did you know at that time that's what you were doing when you were distributing it? Did you understand it?
 
 
 11
 MR. BEASLEY: Yes.
 
 
 12
 THE COURT: Did you understand that was a violation of the law?
 
 
 13
 MR. BEASLEY: Yes, sir.
 
 
 14
 ....
 
 
 15
 THE COURT: ...
 
 
 16
 In Count 1, tell me what you did?
 
 
 17
 MR. BEASLEY: I was buying cocaine for myself. And I ran out of money. So, I was trying to get rid of some of it so I could serve my own habit.
 
 
 18
 THE COURT: So, you were buying it from this Luther Morris?
 
 
 19
 MR. BEASLEY: Yes.
 
 
 20
 THE COURT: And, then, were you using some of it for yourself and selling some of it?
 
 
 21
 MR. BEASLEY: Yes, sir. [There followed a discussion of quantities bought, used, and/or sold, and of the dates of these activities.]
 
 
 22
 THE COURT: All right. It's alleged that in August of '86, that you bought approximately sixteen ounces of cocaine from Luther Morris for subsequent redistribution. Is that correct?
 
 
 23
 MR. BEASLEY: Yes, Your Honor.
 
 
 24
 THE COURT: And in regard to Count 2, it charges that on August 12th, that you sold, knowingly and intentionally sold to Dea Cornell an ounce of cocaine. Is that correct?
 
 
 25
 MR. BEASLEY: Yes.
 
 
 26
 Id. at 11-15.
 
 
 27
 Under the circumstances of this case, this colloquy established that defendant understood the charges to which he pled guilty. Defendant claims on appeal that conspiracy is so complicated that it requires more extensive treatment than that accorded by the district court. We hold, however, that the conspiracy in which defendant was engaged was adequately explained by the court and that defendant indicated his understanding of the charge.
 
 
 28
 Defendant's second claim of error is that the district court did not thoroughly establish the factual basis for the guilty plea to the conspiracy charge. Defendant attempts to portray his activities as limited to buy-sell arrangements, not rising to the level of conspiracy. If defendant's activities had been merely disconnected purchases of drugs and unrelated subsequent resale of the drugs, such claim might be arguable. The transcript of the sentencing proceeding, however, reveals interconnected purchases and sales through testimony from an FBI agent investigating defendant's activities and from defendant himself. Defendant described attempting to sell a kilo of cocaine for his supplier with the help of two other men. R.Supp. Vol. II at 58-59. He testified that he was unsuccessful in his attempts to sell this cocaine, and that it was returned to the supplier by "the boys." Id. at 59. He testified that he was the middleman between Florida suppliers of cocaine and individuals in Oklahoma who wanted to obtain the drugs. Id. at 71-72. He testified that he was the middleman in a transfer of cocaine between his supplier and a third party in a grocery store parking lot in August of 1986. Id. at 74, 76, 79. The FBI agent testified that defendant was the individual who brought the cocaine supplier from Florida together with buyers in Oklahoma. Id. at 87.
 
 
 29
 There was thus ample evidence to support defendant's guilty plea to the charge of conspiracy to distribute cocaine and to possess with intent to distribute cocaine. The district court did not violate the protections of Rule 11 in accepting defendant's guilty plea to these charges.
 
 
 30
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument