972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia Ann SNOW, Defendant-Appellant.
 No. 91-2126.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1992.
 
 Before BALDOCK, SETH and KELLY, Circuit Judges.*
 
 
 1
 ORDER AND JUDGMENT**
 
 
 2
 Defendant-appellant Patricia Ann Snow pled guilty to an indictment charging her with possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) & 841(b)(d), and was sentenced to twenty-seven months imprisonment. On appeal, she contends that her plea was involuntary because the district court failed to advise her that parole had been abolished under the Sentencing Guidelines, and that this would affect the amount of time she served. Our review of the voluntariness of a plea and of compliance with Fed.R.Crim.P. 11 is de novo. See United States v. Williams, 919 F.2d 1451, 1455 (10th Cir.1990), cert. denied, 111 S.Ct. 1604 (1991); United States v. Gomez-Cuevas, 917 F.2d 1521, 1524 (10th Cir.1990).
 
 
 3
 Under the Sentencing Guidelines, we have held repeatedly that a district court need only comply with Fed.R.Crim.P. 11(c)(1), and advise of any mandatory minimum penalty and the maximum penalty of the offense. Gomez-Cuevas, 917 F.2d at 1526; Williams, 919 F.2d at 1456; United States v. Rhodes, 913 F.2d 839, 843, (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991); United States v. Rutter, 897 F.2d 1558, 1564 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990). Indeed, when taking a plea, a district court is not required to inform a defendant of the actual guideline range or sentence, Gomez-Cuevas, 917 F.2d at 1527; Rhodes, 913 F.2d at 843; Rutter, 897 F.2d at 1564, let alone the lack of availability of parole. See Gomez-Cuevas, 917 F.2d at 1527 (district court not required to inform defendant that probation not available under the Guidelines). While we agree with Defendant that a plea must be knowing and voluntary, see McCarthy v. United States, 394 U.S. 459. 466 (1969), her argument that a plea is deprived of such character by a failure to advise concerning the lack of parole eligibility would seem to be foreclosed by Hill v. Lockhart, 474 U.S. 53 (1985).
 
 
 4
 We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in federal court.
 
 
 5
 Id. at 56. Therefore, the judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Pursuant to our June 16, 1992, order, this case was submitted for disposition on the briefs pursuant to Fed.R.App.P. 34(a) and 10th Cir.R. 34.1.9
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3