13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America,
v.
Virgil NAVANICK, Defendant-Appellant.
 No. 93-4005.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 1
 Before SEYMOUR and MOORE, Circuit Judges, and BROWN, District Judge.[2]
 
 ORDER AND JUDGMENT[1]
 
 2
 Virgil Navanick pled guilty to assault resulting in serious bodily injury within Indian country. On appeal, he contests the denial of his motion to withdraw his guilty plea, the trial court's failure to comply with Fed.R.Crim.P. 11 by not uncovering coercion leading to the plea, and the imposition of a $35,000 restitution order. Finding no error, we affirm.
 
 
 3
 Pursuant to a plea agreement under which the government agreed not to file additional charges, Virgil Navanick pled guilty to assault resulting in serious bodily injury within Indian country in violation of 18 U.S.C. 113(f) and 1153. During the plea hearing, Mr. Navanick filed with the court a Statement in Advance of Plea of Guilty in which he admitted reviewing the document with his attorney, understanding its contents, and signing it freely and voluntarily. The document acknowledged Mr. Navanick knew the charge, the maximum penalty, the applicability of the sentencing guidelines, the possible order of restitution, his right to counsel, his right to a jury, and his right to plead not guilty. In addition, the document stated the terms of the plea agreement, the fact no threats or promises induced the plea, Mr. Navanick's satisfaction with counsel, and the factual basis underlying the plea. Mr. Navanick also admitted orally to the court, he understood the contents of the Statement.
 
 
 4
 During the Rule 11 hearing, the court questioned Mr. Navanick under oath. Repeatedly, the court verified Mr. Navanick's understanding of the seriousness of the plea and of the court's responsibility in ensuring Mr. Navanick pled voluntarily. In its colloquy with defendant, the court discussed the nature of the charges, the maximum possible penalty, the right to jury trial, and the loss of that right pursuant to a guilty plea, the right of cross-examination, the right against self-incrimination, and Mr. Navanick's understanding of the plea agreement. Mr. Navanick mentioned his willingness to plead pursuant to the terms of the plea agreement, the absence of additional promises, and the fact he had counsel with whom he was satisfied since the time of his indictment. Immediately prior to and during the hearing, Mr. Navanick consulted counsel. The court established a factual basis for the charge and concluded defendant freely and voluntarily entered his plea, defendant was guilty of the charge, and the requirements of Fed.R.Crim.P. 11 had been met.
 
 
 5
 Subsequently, in conversation with a probation officer, Mr. Navanick claimed he was factually innocent of the charge and had been represented by incompetent counsel. After the probation officer alerted the court and the parties, the court held a hearing appointing new counsel, Randy Ludlow, and instructing him to speak with his client about whether to seek withdrawal of the guilty plea.
 
 
 6
 Defendant filed a motion to withdraw his plea. At the hearing on the motion, Mr. Ludlow introduced a letter prepared by Mr. Navanick asking the court to set aside the guilty plea and appoint new counsel to replace Mr. Ludlow whom defendant considered incompetent. In the letter, Mr. Navanick contended he was coerced into pleading guilty because, if he did not, the government intended to bring more charges against him. The court offered defendant an opportunity to address the court, which he declined. In response to the court's questions, defendant claimed his attorney at the plea hearing, Mark Ethington, coerced him into entering a guilty plea by stating that despite defendant's innocence, counsel could not help him.
 
 
 7
 Mr. Ethington later testified he neither made that statement nor coerced defendant into pleading guilty. Furthermore, Mr. Ethington said just prior to the hearing defendant admitted assaulting the victim, though defendant had relayed the facts in various ways at different times.
 
 
 8
 From the bench, the court denied the motion for new counsel and the motion to withdraw the guilty plea. The court denied subsequent motions to withdraw the plea and stay sentencing; the latter included a request for new counsel.
 
 
 9
 The court sentenced Mr. Navanick to 120 months in prison, 3 years of supervised release, and $35,000 in restitution. The court ordered restitution to cover the victim's medical expenses despite acknowledging defendant's inability to pay a fine. The presentence report noted defendant has no assets or liabilities, has never maintained steady employment, and supports himself with tribal dividends of approximately $200 a month.
 
 
 10
 Defendant tailors his argument to seven factors for determining whether "any fair and just reason" exists for withdrawal of a guilty plea which this court has adopted from United States v. Carr, 740 F.2d 339, 343-44 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985). He argues applying these factors to the instant case proves the district court erred in denying defendant's motion to withdraw his plea.
 
 
 11
 He submits several contentions. He maintains the court failed to consider Mr. Navanick's assertions of innocence in which he persisted even after the probation officer advised him accepting responsibility would better his prospects for sentencing. He argues the government failed to show how a withdrawal would prejudice it. Similarly, he states, the court would not be inconvenienced because the trial had been continued beyond the original date and would simply involve one defendant and one count. Furthermore, defendant asserts he did not benefit from close assistance of counsel at the plea hearing because defendant fired counsel a few days before the hearing and counsel intended to withdraw at that time. Lastly, defendant claims his plea was not knowing or voluntary because his counsel and the prosecutor coerced him into pleading guilty and the court failed to inquire whether threats induced the plea. Mr. Navanick claims he pled guilty at the hearing because if he went to trial the court would impose a life sentence. Defendant had no faith in the judicial system which could force an "average Indian" like himself into admitting a crime he did not commit. In addition to the Carr factors, defendant asserts the court improperly considered Mr. Ethington's statements regarding defendant's guilt.
 
 
 12
 We review the denial of a motion to withdraw a guilty plea under an abuse of discretion standard. United States v. Wade, 940 F.2d 1375, 1376 (10th Cir.1991) (citation omitted). Prior to sentencing, a court may permit withdrawal of a guilty plea when the defendant shows "any fair and just reason." Fed.R.Crim.P. 32(d). The Tenth Circuit has acknowledged the seven Carr factors used to assess whether a fair and just reason exists:
 
 
 13
 (1) [W]hether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay in filing defendant's motion and, if so, the reason for the delay; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources.
 
 
 14
 United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991) (citation omitted). A defendant bears the burden of persuasion. United States v. Hickok, 907 F.2d 983, 986 (10th Cir.1990). A change of heart by the defendant does not warrant withdrawal. Unless a defendant shows a fair and just reason for withdrawal, the court need not consider the prejudice to the government. Id. (citations omitted).
 
 
 15
 In light of defendant's repeated assertions of factual guilt during the plea hearing, the district court apparently did not believe defendant's new claim of innocence. Furthermore, the court did not give any weight to defendant's contention the prosecution and his attorney coerced him into pleading guilty. Under these circumstances, the court did not abuse its discretion in finding no fair and just reason supported withdrawal of the guilty plea.
 
 
 16
 Defendant argues the court failed to ask whether threats or force compelled his guilty plea. This error is not harmless, he contends, because it goes to one of the underlying purposes of Rule 11, ensuring coercion does not prompt guilty pleas. If the court had inquired about coercion, the court might have discovered Mr. Navanick pled guilty in part to protect others.
 
 
 17
 The government argues a trial court does not have to strictly adhere to the Rule 11 checklist. The court only needs to determine the defendant entered his plea without coercion and with an understanding of the accusation and the consequences of the plea. The court met this standard because the record shows the court ascertained Mr. Navanick knowingly, freely, and voluntarily entered his plea. Furthermore, defendant's assertion in his Statement admitting no threats or promises were made negates any failure of the court to specifically ask about threats. If the court did err, the government contends the error was harmless.
 
 
 18
 This court reviews de novo the district court's compliance with Fed.R.Crim.P. 11, United States v. Gomez-Cuevas, 917 F.2d 1521, 1524 (10th Cir.1990) (citations omitted); and whether a plea was voluntary, United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990), cert. denied, 498 U.S. 1122 (1991). The procedures in Rule 11 were enacted to ensure a defendant knowingly and voluntarily entered a plea. Gomez-Cuevas, 917 F.2d at 1524-25. Prior to accepting a guilty plea, the rule requires a court to address the defendant in open court and determine the plea is voluntary and not the result of force or threats or of promises other than those in the plea agreement. Fed.R.Crim.P. 11(d). A court will ignore any variation from the rule unless it affects substantial rights. Fed.R.Crim.P. 11(h). This court looks toward the values underlying Rule 11--absence of coercion, understanding of the accusation, and knowledge of the direct consequences of a guilty plea--in deciding if a variation from Rule 11 amounts to harmless error. Gomez-Cuevas, 917 F.2d at 1525 (citations omitted).
 
 
 19
 Both in his Statement in Advance of Plea of Guilty and his colloquy with the court, defendant professed his guilty plea was voluntary and free from coercion. The district court carefully asked defendant enough questions to determine the issue of voluntariness. We believe, under the circumstances of this case, it adequately observed the requirements of Rule 11 to ensure its values were secured.
 
 
 20
 Defendant contends the court ignored defendant's inability to pay and, therefore, erred in ordering restitution. The presentence report indicated Mr. Navanick has usually been unemployed and has not worked for any length of time. He has no assets or liabilities, though he may have outstanding sums owed from prior convictions. He receives tribal dividends worth $200 a month. The court indicated defendant could satisfy the order from money earned while in prison.
 
 
 21
 Defendant argues inmates earn an average of $1,000 a year of which only half can go toward restitution. Over ten years, defendant could pay off at most $5,000 of a $35,000 debt. In light of defendant's employment history and potential, counsel argues, Mr. Navanick does not have the ability to raise the $35,000, and, therefore, the court erred in ordering restitution. Mr. Navanick also maintains the court erred in failing to specify the time period within which he had to satisfy the restitution order.
 
 
 22
 Defendant did not raise the issue of restitution at sentencing. However, this court has reviewed a restitution order where the defendant failed to do so. See United States v. McIlvain, 967 F.2d 1479, 1480 (10th Cir.1992). Our review is under an abuse of discretion standard. United States v. Rogat, 924 F.2d 983 (10th Cir.), cert. denied, 111 S.Ct. 1637 (1991).
 
 
 23
 The statute regarding restitution orders requires a court to consider among other elements "the financial resources of the defendant, [and] the financial needs and earning ability of the defendant." 18 U.S.C. 3664(a). In determining whether a district court has abused its discretion, we will consider whether the defendant has assets to pay the restitution or whether defendant has "sufficient earning potential' or earning ability' to create an objectively reasonable possibility that the restitution can be paid." United States v. Williams, 996 F.2d 231, 233 (10th Cir.1993) (citations omitted). "To satisfy the objectively reasonable possibility standard, earning potential must consist of more than a mere chance' that a defendant can earn the requisite amount." Id.
 
 
 24
 In Williams, the court noted federal inmates can earn an average of $1,000 a year of which half of that money may be used to satisfy a restitution order. 996 F.2d at 234. The Williams panel upheld a $13,000 restitution order for a defendant sentenced to twenty years in prison. The record also indicated that defendant was "intelligent, articulate, and personable." Id. at 232.
 
 
 25
 Mr. Navanick's ability to pay the $35,000 restitution order rests on two potential sources: his prison earnings, which could be estimated as a $5,000 payment over ten years' incarceration, and the approximate $2,400 in tribal dividends defendant receives each year. If those sources are put to restitution, Williams dictates the order is not an abuse of discretion. Moreover, nothing in the presentence report indicates Mr. Navanick is incapacitated or otherwise unable to work after his release. He did not do so prior to his arrest, but that appears to have been a matter of choice and not because of some disability.
 
 
 26
 Mr. Navanick suggests he may not be able to comply with the order because it is uncertain whether his tribal dividends will continue while he is incarcerated. At this time, however, that contention is not supported with facts and appears speculative. Because he had the burden of demonstrating his financial resources, 18 U.S.C. 3664(d), any deficiency in the record devolves upon him.
 
 
 27
 Defendant points out that 18 U.S.C. 3663(f)(1)-(3) provides, in effect, that unless the court requires the payment of restitution in installments, payment shall be made immediately. Mr. Navanick suggests, and we agree from reading the record, the district court did not intend to require immediate payment of restitution. Nonetheless, the period of the payment and the amount of the installments were not prescribed as required by 3663(f)(1) and (2). Accordingly, we REMAND for a clarifying amendment of the order of restitution, but the judgment of the district court is otherwise AFFIRMED.
 
 
 
 [2]
 The Honorable Wesley E. Brown, Senior District Judge for the United States District Court for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3