UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　　*Plaintiff-Appellee,*

v.

CARLOS REYES, a/k/a Pedro Carlos
Manuel Reyes-Lopez, a/k/a Pedro
Reyes-Lopez, a/k/a Edwardo
Gomez, a/k/a Edwardo Ocasio,
　　　　　　　　　*Defendant-Appellant.*

No. 01-4086

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-109)

Argued: June 6, 2002

Decided: October 31, 2002

Before MOTZ and TRAXLER, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge
for the Eastern District of Virginia,
sitting by designation.

Affirmed by unpublished opinion. Chief Judge Hilton wrote the opinion, in which Judge Motz and Judge Traxler joined.

## COUNSEL

**ARGUED:** Jacqueline Ann Hallinan, HALLINAN LAW OFFICE, Charleston, West Virginia, for Appellant. Monica Kaminski

Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

HILTON, Chief District Judge:

This case is before the Court on Carlos Reyes' appeal of his conviction and sentencing on one count of conspiracy to distribute cocaine base, cocaine and marijuana in violation of 21 U.S.C. § 846, and one count of illegal re-entry by an alien after deportation for a heroin offense in violation of 21 U.S.C. §§ 1326(a) and (b)(2).

Reyes' attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the district court erred during Reyes' plea hearing when it failed to advise Reyes that a jury must come to a unanimous guilty verdict in order to convict him, and that the district court further erred during Reyes' sentencing hearing when it enhanced his sentence due to his leadership role in the conspiracy. Reyes then filed *pro se* a Memorandum of Law raising the issue of whether the Southern District of West Virginia was the appropriate venue for charging him with illegal re-entry by an alien after deportation for a heroin offense in violation of 21 U.S.C. §§ 1326(a) and (b)(2). Supplemental briefs were filed on the issue of venue. Finding no error, we affirm.

Reyes is a citizen of the Dominican Republic. He illegally entered the United States via San Juan, Puerto Rico. In August 1990, he gained lawful permanent residence status pursuant to the amnesty legalization program set forth in the Immigration Reform and Control

Act of 1986. *See* 8 U.S.C. § 1255a. Reyes was convicted in New York in 1996 of selling heroin, and was subsequently deported in September 1997 back to his homeland. Approximately one month later, he re-entered this country using an altered passport.

On April 24, 2000, Reyes was arrested in New York pursuant to a warrant issued by the United States District Court for the Southern District of West Virginia charging him with conspiring to distribute cocaine and cocaine base. In the District Court for the Southern District of New York, Reyes waived his Rule 40 hearing, and thereafter was removed to the charging district to await an indictment.

Reyes was indicted on August 17, 2000 on two counts in the Southern District of West Virginia. The first count charged him with conspiracy to distribute cocaine base, cocaine and marijuana in violation of 21 U.S.C. § 846, and the second count charged him with illegal re-entry by an alien after deportation for a heroin offense in violation of 21 U.S.C. §§ 1326(a) and (b)(2). Reyes pled guilty to both counts on September 19, 2000. During the plea hearing, the district court advised Reyes of his right to a jury trial as well as his other associated rights. Reyes told the district court that he understood the enumerated rights and intended to waive them by entering a guilty plea.

The Pre-sentence Report recommended Reyes be assessed a two (2) level enhancement for his leadership role in the offense. Since Reyes objected to the enhancement, an evidentiary hearing was held. A co-conspirator, Angel Fuentes, testified that he worked for Reyes accepting and counting drug proceeds among other tasks, and that Reyes was responsible for tending to clients' needs, setting prices, paying runners and providing runners with directions on distribution. Fuentes also indicated that Reyes was left "in charge of everything" when Reyes' business partner was out of town. A second co-conspirator, Alphonso Rodriguez, testified providing much of the same information. Another witness testified that Fuentes and Rodriguez were introduced to him as "drug runners" for Reyes.

At the conclusion of the hearing, the district court found the base offense level for the drug conspiracy to be thirty-eight (38), applied a two (2) level enhancement for Reyes' leadership role, and adjusted

the offense level on the unlawful re-entry count to twenty-four (24). Accordingly, the district court determined Reyes' criminal history category to be four (4) since he was a career offender, and found the combined offense level to be forty (40) with a three (3) level reduction for acceptance of responsibility thereby producing a guideline imprisonment range of three hundred and sixty (360) months to life with a four hundred and eighty (480) months statutory cap. Reyes was sentenced to two hundred and forty (240) months on the drug conspiracy count and one hundred and twenty (120) months on the illegal re-entry count, to be served consecutively.

Reyes asserts that his guilty plea must be reversed since the district court failed to follow the procedures required by Rule 11 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(h); *see also United States v. Goins*, 51 F.3d 400, 402-403 (4th Cir. 1995). He contends that the right to a unanimous jury verdict is a substantial right and by failing to inform him of this right, the district court erred.

Rule 11 of the Federal Rules of Criminal Procedure is very specific and while it requires a defendant be apprised of his right to a jury trial, it does not require every aspect of a jury trial be explained to a defendant. *See* Fed. R. Crim. P. 11. The district court informed Reyes that by entering a plea he had given up the right to a "speedy and a public jury trial" as well as many other rights. Reyes responded "Yes, I know. [My lawyer] explained it well." A guilty plea may be legally sufficient even when the notice requirements of Rule 11(c) are not fully articulated by the district court. *See United States v. Stead*, 746 F.2d 355, 356-357 (6th Cir. 1984), *cert. denied*, 470 U.S. 1030 (1985) (holding that the district court's failure to advise a defendant of his right against self-incrimination and his right to confront and cross-examine witnesses did not require his guilty plea be set aside); *see also United States v. Gomez-Cuevas*, 917 F.2d 1521, 1529 (10th Cir. 1990) (holding that the district court's failure to advise the defendant of his right to confront and cross examine witnesses was a harmless error where the guilty plea was voluntary and the defendant understood the charges against him). Reyes was fully apprised by the district court of his right to be tried by a jury as required by Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The rule does not require the district court to further apprise the defendant of his

right to a unanimous jury verdict for conviction and therefore, the district court did not err when it failed to do so.

Secondly, Reyes contends that the evidence failed to support a claim that he held a leadership role in the conspiracy, and therefore the district court erred by assessing him a two (2) level enhancement during his sentencing. In support of his argument, Reyes contends that the government's witnesses provided conflicting testimony and that such testimony was tainted because each witness received a downward departure from their original sentence for their testimony.

A district court's factual application of the Sentencing Guidelines is reviewed by a clearly erroneous standard. *See United States v. Colton*, 231 F.3d 890 (4th Cir. 2000). The record establishes that Reyes and his partner were the source of significant quantities of cocaine base and cocaine, and received and distributed the drugs to other members of the conspiracy. Furthermore, the evidence shows that Reyes set prices, gave orders and made payments to runners which proves that he held a leadership position. A defendant need not control all aspects of the scheme in order to be properly designated an "organizer or leader." *United States v. Ramos*, 932 F.2d 611, 619 (7th Cir. 1991). In fact, one need not manage or supervise people at all to be considered a leader, but simply by managing or supervising money, property or operations one may be deemed a leader. *See United States v. Chambers*, 985 F.2d 1263, 1267 (4th Cir. 1992), *cert. denied*, 510 U.S. 834 (1993). Therefore, as one who set the prices and managed the money and operations of the conspiracy, the district court properly assessed Reyes a two (2) level enhancement for his leadership position.

Lastly, Reyes contends that he did not waive his right to contest venue during his plea hearing and that venue was improper in the Southern District of West Virginia for charging him with illegal re-entry by an alien after deportation for a heroin offense in violation of 21 U.S.C. §§ 1326(a) and (b)(2). The question of venue in a criminal prosecution is reviewed *de novo*. *See United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001). Reyes asserts that the district court instructed him on the elements of the offense, but did not elaborate on the venue requirement.

If an objection to venue is not clearly raised at the district court level, then the issue is waived on appeal. *See United States v. Stewart*, 256 F.3d 231 (4th Cir. 2001) (finding that defendant waived any objection to improper venue for prosecution by not raising the issue until the time of his sentencing hearing after conviction). The Second Circuit has reviewed this issue in *United States v. Calderon*, 243 F.3d 587 (2nd Cir. 2002), where the defendant was charged with being "found" in the United States after illegal re-entry, in violation of 18 U.S.C. § 1326 similar to the facts here. In *Calderon*, the defendant moved to dismiss the indictment based upon improper venue and when the motion was denied, he proceeded with a guilty plea. The defendant then appealed the district court's decision and the appellate court found the defendant had waived his objection to venue when he pled guilty. Since Reyes failed to raise venue before his plea, he is now barred from an argument that venue was not presented by the government and therefore he was not able to execute a waiver.

The record is clear that Reyes did not contest venue when he appeared before the district court, but rather he entered a guilty plea that contained no conditions. Reyes' entry of a guilty plea constitutes a waiver to any objection he had as to whether venue was proper in the Southern District of West Virginia in order to charge him with illegal re-entry by an alien after deportation for a heroin offense in violation of 21 U.S.C. §§ 1326 (a) and (b)(2).

*AFFIRMED*