**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5133**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEONARDO ANTOINE BARBER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (7:06-cr-00147-HMH)

Submitted: March 21, 2007          Decided: April 30, 2007

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonardo Antoine Barber pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 846, 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006). At sentencing, Barber and the Government agreed that a total offense level of twenty-four applied and this offense level, combined with Barber's criminal history category II, yielded a sentencing range of 60 to 71 months of imprisonment under the Sentencing Guidelines.[1] The district court sentenced Barber to 62 months of imprisonment. On appeal, counsel filed an Anders[2] brief, questioning whether there was a proper factual basis supporting Barber's guilty plea, but concluding that there are no meritorious issues for appeal. Barber was advised of his right to file a pro se supplemental brief, but he has not done so.

Our review of the plea hearing transcript reveals that the district court ensured that Barber understood the charges against him, the maximum and minimum penalties, and ascertained that Barber's plea was voluntary. With regard to the factual basis for Barber's plea, the Government's attorney summarized the facts underlying the charge and Barber agreed with the Government's

---

[1]U.S. Sentencing Guidelines Manual (2005).

[2]Anders v. California, 386 U.S. 738 (1967).

factual recitation. Our review of the plea hearing convinces us that the factual basis was sufficient. See United States v. Carr, 271 F.3d 172, 179 & n.6 (4th Cir. 2001).

Although Barber's counsel does not raise the point, we note that the district court failed to inform Barber that he could persist in his initial plea of not guilty. Fed. R. Crim. P. 11(b)(1)(B). And although the court advised Barber that he was forgoing his right to a jury trial by pleading guilty, the court did not enumerate the specific trial rights Barber was giving up, such as the right to assistance of counsel at trial, the right to testify and present evidence, the right to confront and cross-examine witnesses, and the right against compelled self-incrimination, as required by Fed. R. Crim. P. 11(b)(1)(E).

Because Barber did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To demonstrate plain error, Barber must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). To establish that a district court's non-compliance with Rule 11 affected substantial rights, a defendant bears the burden of showing a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We conclude that the omissions in the plea colloquy did not affect Barber's substantial rights. See United States v. Stead, 746 F.2d 355, 356-57 (6th Cir. 1984) (failure to advise a defendant of his right against self-incrimination and his right to confront and cross-examine witnesses did not require his guilty plea to be set aside); see also United States v. Gomez-Cuevas, 917 F.2d 1521, 1525-26 (10th Cir. 1990) (failure to advise the defendant of his right to confront and cross-examine witnesses was harmless error where the guilty plea was voluntary and the defendant understood the charges against him). Barber's plea agreement addressed and identified his waiver of specific trial rights. During the plea hearing, Barber acknowledged that he thoroughly reviewed the plea agreement with his attorney and understood all its provisions. Moreover, Barber was aware that he could persist in his plea of not guilty, because the very purpose of the plea hearing was to change his plea from not guilty to guilty. See United States v. Knox, 287 F.3d 667, 670 (7th Cir. 2002). The record provides no basis to believe that Barber would not have pled guilty had the district court been more exacting in its conduct of the plea hearing. See Martinez, 277 F.3d at 532.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Barber's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

- 4 -

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
