**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5176**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUSTIN JAMIL MATHIS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:06-cr-00643)

---

Submitted:  April 18, 2007              Decided:  May 31, 2007

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James Barlow Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Jamil Mathis pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). At sentencing, Mathis and the Government agreed that a total offense level of twenty-nine applied and this offense level, combined with a criminal history category VI,[1] yielded a sentencing range of 151 to 188 months of imprisonment under the Sentencing Guidelines.[2] The district court sentenced Mathis to 151 months of imprisonment. On appeal, counsel filed an Anders[3] brief, concluding that there are no meritorious issues for appeal, but raising the question of whether the district court complied with the requirements of Fed. R. Crim. P. 11. Mathis was advised of his right to file a pro se supplemental brief, but he has not done so.

Our review of the plea hearing transcript reveals that, while the district court ensured that Mathis understood the charges against him and the maximum and minimum penalties, and ascertained that Mathis's plea was voluntary, the district court failed to inform Mathis that he could persist in his initial plea of not guilty. See Fed. R. Crim. P. 11(b)(1)(B). And although the court advised Mathis that he was forgoing his right to a jury trial by pleading guilty and that if he went to trial he would have the

---

[1]Mathis qualified as a career offender.

[2]U.S. Sentencing Guidelines Manual (2005).

[3]Anders v. California, 386 U.S. 738 (1967).

- 2 -

rights to the assistance of counsel, to testify and to present evidence, as well as the right against compelled self-incrimination, the court failed to specifically inform him that he would also have the right to confront and cross-examine witnesses against him, as required by Fed. R. Crim. P. 11(b)(1)(E).

Because Mathis did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To demonstrate plain error, Mathis must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). To establish that a district court's non-compliance with Rule 11 affected substantial rights, a defendant bears the burden of showing a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We conclude that here, because the district court reviewed all of the other trial rights enumerated in Rule 11, and also addressed other trial rights, review of which is not mandated by Rule 11, the court's failure to specifically discuss the right to confront and cross-examine witnesses in the plea colloquy did not affect Mathis's substantial rights. The record provides no basis to believe that Mathis would not have pled guilty but for this omission. See Martinez, 277 F.3d at 532; see also United

States v. Stead, 746 F.2d 355, 356-57 (6th Cir. 1984) (failure to advise a defendant of his right against self-incrimination and his right to confront and cross-examine witnesses did not require his guilty plea to be set aside); see also United States v. Gomez-Cuevas, 917 F.2d 1521, 1525-26 (10th Cir. 1990) (failure to advise the defendant of his right to confront and cross-examine witnesses was harmless error where the guilty plea was voluntary and the defendant understood the charges against him). We also conclude that the district court's failure to specifically counsel Mathis that he could persist in his initial plea of not guilty did not constitute plain error, as the very purpose of the plea hearing was to permit Mathis to change his plea from not guilty to guilty. See United States v. Knox, 287 F.3d 667, 670 (7th Cir. 2002).

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Mathis's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

- 4 -

materials before the court and argument would not aid the decisional process.

AFFIRMED