**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose ALMAGUER, Defendant-Appellant.**

**No. 79–5114.**

United States Court of Appeals, Fifth Circuit.

July 3, 1980.

Tom Mills, Elizabeth Unger Carlyle, Dallas, Tex., for defendant-appellant.

Shirley Baccus-Lobel, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Jose Almaguer pleaded guilty to distribution of 3.5 ounces of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to fifteen years imprisonment, with a special parole term of five years. He appeals, asserting that during the conduct of the arraignment at which his guilty plea was accepted, the district court failed to meet the requirements of Fed.R.Crim.P. 11 in four particulars. Having examined appellant's contentions in light of our recent en banc decision in *United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979), and finding merit in one claim of error, we vacate and remand.

Almaguer contends that in the Rule 11 allocution the district court failed to address the matters required by Rule 11(c)(5), Fed.R.Crim.P. We agree.

Rule 11 is entitled Pleas. Subsections (c)(5) provide:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

\* \* \* \* \* \*

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he had pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

The government earnestly argues that the essence of 11(c)(5), perjury, was discussed, albeit in a different context than that required by 11(c)(5). The government necessarily refers to the following exchange:

THE COURT: Now, Mr. Almaguer, you have a right to plead not guilty. If you plead not guilty you have a right to a speedy trial before a jury with a lawyer. You have a right to summon witnesses in your own behalf. You have a right to confront the witnesses of the prosecution and to cross-examine them. *You do not have to testify against yourself, but if you do testify and testify falsely you can be prosecuted for perjury. Do you understand that?* (Emphasis ours.)

MR. ALMAGUER: Yes, ma'am.

The government would have us extend this advice or warning about perjury in such a way as to achieve an adequate compliance with 11(c)(5). This we may not do.

The court's caution as to perjury was given in the context of an entry of a plea of not guilty and testimony then given at trial. Nowhere do we find any reference to perjury in connection with testimony given after a plea of guilty. Rule 11(c)(5) is very specific, the defendant must be advised that if he pleads guilty the court is authorized to ask questions about the offense, and if the defendant answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used

against him in a prosecution for perjury or false statement.

A reasonably persuasive argument can be made that because appellant had been warned of the consequences of perjury in the course of a trial, he necessarily must appreciate that peril in connection with a guilty plea. An equally persuasive argument can be made that because he was specifically warned about perjury, if he went to trial, but nothing was said with reference to a guilty plea, he could reasonably conclude that he could avoid this danger by entering a guilty plea.

Even were we to assume that the reference to perjury in the context of trial was a sufficient discussion of perjury as relates to testimony given after a guilty plea, the requirements of Rule 11(c)(5) have still not been met. We do not find in the colloquy any advice from the court that if Almaguer pleaded guilty the court would be entitled to ask him questions about the offense. This is a critical oversight.

In our en banc decision in *Dayton* we sought to review and harmonize the various holdings on Rule 11 and to give a definitive statement of how trial courts should conduct guilty plea hearings. The district court did not have the advantage of *Dayton* at the time of the plea hearing conducted herein. In *Dayton* we listed the seven parts to a Rule 11 hearing. Part number five contains the essence of 11(c)(5) which is at issue in the case at bar. With reference to this requirement we made several observations:

> As to the first six of the foregoing requirements, the court must personally address the defendant.
>
> *        *        *        *        *        *
>
> About the first five of these, the court must inform the defendant.
>
> *        *        *        *        *        *
>
> We conclude that the judge *must* inform him of these [the first five] and that an entire failure by the judge to do so will ordinarily require reversal.

604 F.2d at 937.

The failure to address the subject matter required by 11(c)(5) was error. Under the circumstances, we cannot say it was harmless. We are aware of our post-*Dayton* holding in *United States v. Caston*, 615 F.2d 1111 (5th Cir. 1980), that the 11(c)(5) omission therein did not mandate automatic reversal. Automatic reversal may not be mandated; however, in the instant case, considering the totality of the circumstances surrounding the plea hearing and the total failure to address any part of the subject matter required by 11(c)(5), we conclude that a reversal is in order.

We are mindful that *Dayton* also holds that in reviewing guilty plea proceedings we are warranted in regarding the court's acceptance of the plea as a positive finding on each requirement of Rule 11, reviewable by us under the clearly erroneous standard. 604 F.2d at 940–941. However, the verbatim record is before us. The district court simply overlooked addressing the matters required by 11(c)(5). Any finding that Almaguer understood the substance of 11(c)(5) would have to be a finding by implication. Such a finding would be clearly erroneous.

The guilty plea is vacated. The matter is REVERSED and REMANDED for further proceedings consistent herewith.