**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose ALMAGUER, Defendant–Appellant.**

**No. 79–5114.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1980.

Tom Mills, Elizabeth Unger Carlyle, Dallas, Tex., for defendant–appellant.

Shirley Baccus–Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff–appellee.

Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The application for rehearing is granted. Our prior opinion, dated July 3, 1980, and reported at 620 F.2d 557, is recalled and vacated, and the following is substituted:

Jose Almaguer pleaded guilty to distribution of 3.5 ounces of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to fifteen years imprisonment, with a special parole term of five years. He appeals, asserting that during the conduct of the arraignment at which his guilty plea was accepted, the district court failed to meet the requirements of Fed.R.Crim.P. 11 in four particulars. Having examined and re-examined his contentions in light of our recent en banc decision in *United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979), and our post–*Dayton* decision in *United States v. Caston*, 615 F.2d 1111 (5th Cir. 1980), we find no merit in any of Almaguer's assignments of error and, accordingly, affirm the district court.

Almaguer contends that in the plea hearing the district court failed to address the matters prescribed by subsections (c)(1), (c)(4), (c)(5) and (d) of Rule 11 of the Federal Rules of Criminal Procedure. From our review of the record we are convinced that three of these assertions are totally without merit.

██ As to the 11(c)(1) complaint, the record is clear that Almaguer understood the nature of the charge and the penalty exposure. The charge is simple–intentional distribution of heroin to a particular person at a particular time. The prosecutor first read the charge after which the judge described the offense concisely and in its elemental parts. There is no question but that Almaguer understood.

██ Subsection 11(c)(4) requires the judge to inform the defendant that after a plea of guilty or nolo contendere there is no further trial. The judge advised Almaguer: "If you plead not guilty you have a right to a speedy trial before a jury with a lawyer" and that if he pled guilty he waived those rights. Almaguer understood.

██ Subsection (d) relates to the voluntariness of the plea. Almaguer does not contend that he pled guilty due to a promise not revealed in the course of the proceedings. He was specifically asked whether he was pleading guilty because of an agreement "or are you pleading guilty because you know yourself to be guilty?" His response was unequivocal: "I am pleading guilty, Your Honor, because I feel I am guilty." The plea was voluntary.

The only serious complaint raised by Almaguer relates to 11(c)(5) which provides:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

\* \* \* \* \* \*

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

In *Dayton*, we stated that the judge must inform the defendant about, *inter alia*, the substance of subsection (c)(5) and noted that "an entire failure by the judge to do so will ordinarily require reversal." 604 F.2d at 937. In the *Caston* decision we elucidated further on the 11(c)(5) requirement and held that an omission under this subsection would not occasion an automatic reversal: "Rule 11(c)(5) was added in 1975 to assure the fairness of a subsequent perjury prosecution, not the voluntariness of the plea . . . . Because it is not one of the core inquiries under Rule 11, its omission does not mandate automatic reversal." 615 F.2d at 1116. In *Caston* the court found that the

defendant was not being prosecuted for perjury, had suffered no prejudice and thus the error was harmless under the standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Almaguer is not being prosecuted for perjury. He has not articulated any prejudice as a consequence of the judge's failure to fully discuss the substance of 11(c)(5). As in *Caston*, we find the error to be harmless; it does not warrant a reversal and vacating of the guilty plea.

We can conceive of situations in which a total failure to discuss the 11(c)(5) subject matter would be reversible error. A defendant should be told that upon entering a guilty plea he may be questioned about the offense and that if he answers falsely he subjects himself to a perjury charge. A defendant might plead guilty believing that he may continue to remain silent. That misunderstanding could affect the voluntariness of the plea, but such is not the case here. Almaguer's plea was not tainted; he suffered no prejudice warranting nullification of his plea of guilty.

AFFIRMED.