UNITED STATES of America,
Plaintiff–Appellee,

v.

Cheung Hon LAW, Defendant–Appellant.

No. 79–5536.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1981.

William T. Knox, Camille Elliott, Dallas, Tex., Cheung Hon Law, pro se, for defendant–appellant.

Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., Shirley Baccus–Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff–appellee.

Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Cheung Hon Law entered a plea of guilty on June 25, 1979, to four counts of a multiple indictment. The indictment alleged violations of federal conspiracy laws and the substantive offenses of extortion, illegal dealing in firearms, and the obstruction of commerce. 18 U.S.C. §§ 371, 922(a)(1), 922(a)(5), 922(h)(1), 924(a)–(b), and 1951. After the acceptance of his plea, Law was sentenced on July 20, 1979, to four separate terms of imprisonment, one for ten years, and three for five years, with the three five–year terms of imprisonment to be served concurrently with the ten–year term.

On appeal, Law argues that during the arraignment at which his guilty plea was accepted, the district court neglected to give him a perjury admonition, and therefore failed to satisfy Federal Rule of Criminal Procedure 11(c)(5). Rule 11(c)(5) provides that, before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court, and inform him

> that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

Fed.R.Crim.P. 11(c)(5).

■ The record reveals that the district court did not inform Law about the substance of Rule 11(c)(5). Law asserts that this omission is an automatic ground for reversal. This argument was rejected, however, in *United States v. Almaguer*, 632 F.2d 1265 (5th Cir. 1980) (on rehearing) and *United States v. Caston*, 615 F.2d 1111 (5th Cir. 1980), in which this Court held that the failure to give a Rule 11(c)(5) instruction is subject to the harmless error standard of review. Law is not threatened with prosecution for perjury and does not argue that the error was prejudicial; consequently, the error was harmless and does not require reversal. *See United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979) (en banc).

■ Law also argues that his guilty plea must be vacated because the district court failed to adequately determine that he understood the nature of the charges against him, as mandated by Rule 11(c)(1), and because the court did not specifically inquire whether Law's plea was the result of promises made apart from the plea bargain, as required by Rule 11(d). The record, however, reveals that the district court questioned Law and his attorney in great detail concerning his understanding of the charges. Although the district court did not specifically inquire into the possible existence of promises made apart from the plea bargain, the court's questions adequately exposed that the plea was voluntary and given without fear or coercion.[1] Moreover, Law does not argue that his plea was induced by unperformed promises made outside the framework of the plea bargain. Absent such a claim, the district court's error was harmless beyond a reason-

---

1. "The Court: You make that plea freely and voluntarily?

    Mr. Law: Yes.

    The Court: Has anybody used force to make you plead guilty?

    Mr. Law: No.

    The Court: Has anybody used violence to make you plead guilty?

    Mr. Law: No.

    The Court: Has there been any plea bargaining in this case, Mr. Elliston?

    Mr. Elliston: Your honor, the only plea bargaining is we would dismiss the remaining counts ten days after sentencing.

    The Court: Do you understand what Mr. Elliston is going to do?

    Mr. Law: Yes, I do.

    The Court: He is going to ask to dismiss the Counts on which you were not charged or that he is not charging you and ten days after you have been sentenced they will be dismissed. You understand that?

    Mr. Law: Yes.

    Although the district court's failure to conduct a specific Rule 11(d) inquiry was error, the colloquy quoted above demonstrates that the court's failure to address the issue was not total, and that Law understood the promises undertaken by the prosecutor. 604 F.2d at 938.

able doubt, *Chapman v. State of California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967); *United States v. Dayton,* 604 F.2d at 939. Consequently, the district court's judgment is

AFFIRMED.