UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony PINTO, Defendant–Appellant.

No. 86–5478

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 11, 1988.

---

Robert J. Hantman, Guarini & Guarini, P.A., Jersey City, N.J., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Eric A. Dubelier, Mayra R. Lichter, Linda C. Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

**1568**

Before TJOFLAT, CLARK and EDMONDSON, Circuit Judges.

PER CURIAM:

Pursuant to his plea of guilty, appellant Anthony Pinto was convicted of conspiracy to obtain a fraudulent end user certificate in connection with the export of certain military equipment, in violation of 22 U.S.C. § 2778 (1982) and 18 U.S.C. § 371 (1982). Twenty days after he entered his plea, Pinto filed a motion to withdraw the plea. Pinto complains that the district court abused its discretion in denying that motion, because (1) his plea was not knowing and voluntary, (2) the district court failed to establish that there was a factual basis for his plea, as required by Fed.R.Crim.P. 11(f), and (3) he was not told at the plea hearing, as required by Fed.R.Crim.P. 11(c)(5), that any statements he made could later be used against him in a prosecution for perjury. Finding no merit to his contentions, we affirm.

■■■ Pinto argues that his plea was not knowing and voluntary primarily because an attorney who represented him on civil matters advised him that if his witnesses were unavailable, he should plead rather than proceed to trial because he could withdraw the plea at any time prior to sentencing. The district court simply did not believe him, or the affidavit submitted by the civil attorney, concluding instead that the plea and the subsequent motion to withdraw were part of a fraudulent scheme to obtain a continuance that Pinto knew he otherwise could not get.[1] We cannot say that this finding was clearly erroneous. Although Pinto did have, in the months just prior to trial, some sort of disagreement with his criminal defense attorney, the case had been pending for several years prior to that, and it is hard to imagine that his defense counsel had not discussed with him the merits and drawbacks of pleading guilty. Moreover, Pinto's plea was entered on the day his trial was to begin, he swore under oath that he was satisfied with his

representation, and he admits that he knew his codefendants were going to testify against him. It was within the district court's province as the fact finder to find it incredible that Pinto would nonetheless rely on advice from an attorney other than his defense counsel who had no experience in criminal matters. In fact, even if the district court had concluded that Pinto did rely on the civil attorney, we simply cannot permit defendants to attack their decisions after the fact because they followed the advice of someone other than the attorney representing them in the matter at hand. As the Supreme Court stated in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

" '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or *his own counsel,* must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business....' "

*Id.* at 756, 90 S.Ct. at 1472 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc) (quoting *Shelton v. United States*, 242 F.2d 101, 115 (5th Cir. 1957) (Tuttle, J. dissenting)), *rev'd*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)) (emphasis added).

■■■ Pinto's claim that his plea was unknowing because there was actually no factual basis for it is frivolous. A charge of conspiracy requires that (1) two or more people agree to commit an offense, and (2) at least one of those people commits an overt act in furtherance of the agreement. 18 U.S.C. § 371 (1982); *United States v. Beil*, 577 F.2d 1313, 1315 n. 2 (5th Cir. 1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979); *United States v. Sutherland*, 463 F.2d 641, 645 (5th Cir.), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 698, 34

1. The district court felt so strongly that Pinto's motion was disingenuous that it issued an order referring the attorney's affidavit to authorities who might investigate whether it constituted subornation of perjury.

L.Ed.2d 668 (1972). The allegations here— indeed, Pinto admitted them at the guilty plea hearing—were that Pinto's meeting with the agent was arranged by his codefendants and that he discussed the need for a fraudulent certificate at that meeting. If true, these facts give rise to the inference that Pinto was aware and had agreed that his co-defendants would be attempting to obtain a fraudulent certificate, and the meeting itself would constitute evidence of an overt act, because Pinto obviously knew the agent/buyer was not legitimate. Although he insists that the tape recording of the meeting establishes his innocence, he did not submit a transcript of that tape to the district court, nor has he provided it here, and both his brief and affidavit indicate that he has a copy. Consequently, we are not able to consider this aspect of his argument. *See Butterworth v. Bowen,* 796 F.2d 1379, 1387 (11th Cir.1986).

Pinto also asserts that the district court's inquiry into the factual basis for the plea was insufficient. We disagree. The district court summarized the indictment in plain terms and set forth each element of the charges: the meeting with the government agent, the fact that it was arranged by his codefendants, the discussion of the necessity of a fraudulent end user certificate, and the fact that the particular equipment discussed required a certificate. The court inquired of Pinto directly, solicited questions from him, and explained the law. Pinto admitted everything the indictment charged him with doing. The district court need only have been subjectively satisfied that there was a factual basis, *United States v. Dayton,* 604 F.2d 931, 938 (5th Cir.1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed. 2d 320 (1980), and in this case the indictment itself was precise enough factually that the court need not even have inquired of Pinto other than to assure that his plea was knowing. *See United States v. Montoya–Camacho,* 644 F.2d 480, 486 (5th Cir. Unit A May 1981); *Sassoon v. United States,* 561 F.2d 1154, 1158 (5th Cir.1977).

Pinto's final contention—that he was not warned at the plea hearing that his statements could be used against him in a prosecution for perjury—merits little discussion. This court has consistently held that a failure to warn under Fed.R.Crim.P. 11(c)(5) is not a sufficient basis for attacking a plea absent a threat of prosecution for perjury or some other showing of prejudice, which Pinto has not made. *See United States v. Law,* 633 F.2d 1156, 1157 (5th Cir. Jan. 1981), *cert. denied,* 451 U.S. 992, 101 S.Ct. 2332, 68 L.Ed.2d 852 (1981); *United States v. Caston,* 615 F.2d 1111, 1116 (5th Cir.), *cert. denied,* 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980).

Pinto's conviction is AFFIRMED.