United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41098
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR CONAN BARAHONA-MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1303-ALL
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Hector Conan Barahona-Mendez (Barahona) appeals his conviction for attempted illegal reentry into the United States after deportation and after his conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2). He argues that the magistrate judge failed to determine at his rearraignment that his guilty plea was voluntary and not the result of outside promises, as required by former FED. R. CRIM. P. 11(d) (now FED. R. CRIM. P. 11(b)(2)). He claims that he pleaded guilty based upon his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attorney's erroneous advice regarding his sentence.

Because Barahona failed to object in the district court to this alleged FED. R. CRIM. P. 11 error, he bears the burden of demonstrating plain error, and we may consult the entire record when determining the effect of this alleged error on his substantial rights. See United States v. Vonn, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002).

The magistrate judge's inquiries at his rearraignment and the record as a whole establish that Barahona's guilty plea was voluntary. See United States v. Law, 633 F.2d 1156, 1158 and n.1 (5th Cir. 1981). For example, at the rearraignment, Barahona's indictment was read to him, and he acknowledged that he understood the charge. Barahona also confirmed the correctness of the factual basis for his guilty plea. In addition, Barahona told the magistrate judge that he had attended college in the United States and had worked as a business administrator and with computers. Furthermore, Barahona did not object to the magistrate judge's proposed finding that he had entered his guilty plea freely and voluntarily.

Moreover, Barahona was informed about the maximum penalty for the crime to which he pleaded guilty; therefore, Barahona was aware of the consequences of his guilty plea and any erroneous advice of his counsel to the contrary is immaterial. See United States v. Jones, 905 F.2d 867, 868 (5th Cir. 1990).

Consequently, Barahona has not shown that the magistrate

2

judge's failure to make the specific inquiry set forth in FED. R. CRIM. P. 11(d) was plain error.  See <u>Vonn</u>, 122 S. Ct. at 1046. Accordingly, the judgment of the district court is AFFIRMED.