**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-40221

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RODOLFO DANIEL GOMEZ,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-1520-1

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Rodolfo Daniel Gomez pleaded guilty before a magistrate judge to two counts of transporting an undocumented alien within the United States by means of a motor vehicle for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Upon accepting his guilty plea, the district court sentenced him to concurrent terms of 25 months in prison. Gomez argues on appeal that his guilty plea must be vacated because the magistrate judge failed to admonish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him in compliance with FED. R. CRIM. P. 11. Reviewing Gomez's claims for plain error, we AFFIRM.

Gomez argues that the magistrate judge failed to comply with Rule 11 in four respects, the most serious of which is the court's failure to determine that his plea was voluntary and not the result of force, threats, or promises outside of a plea agreement. Allegations of Rule 11 error made for the first time on appeal are subject to plain error review. *United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002). We may consider the whole record to determine the effect of any error on substantial rights. *Id.* "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). Thus, we must be convinced from the entire record that the probability of a different result in the district court is sufficient to undermine our confidence in the outcome of the proceeding. *Id.*

The district court is required to ensure that a defendant's plea is intelligent and voluntary and must address the defendant personally for that purpose. *See* Rule 11(b)(2); *see also Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969). Here, the magistrate judge did address Gomez personally during the plea colloquy, but the court did not specifically ask whether Gomez's plea was voluntary and not the product of improper threats or promises. Nevertheless, the magistrate judge was not required to use any talismanic words or read verbatim the text of Rule 11 when addressing Gomez. *See United States v. Bachynsky*, 949 F.2d 722, 726 (5th Cir. 1991). We are convinced from reading the rearraignment proceedings as a whole that Gomez's plea was voluntary. *See United States v. Law*, 633 F.2d 1156, 1157 (5th Cir. 1981).

The magistrate judge confirmed with both Gomez and his counsel that Gomez was competent to enter his plea and was not acting under the influence of alcohol, drugs, or mental deficiency. The court read the indictment to Gomez, and he indicated that he understood both the nature of the charges against him and the maximum penalty that he faced. He also acknowledged the various trial rights that he was giving up by pleading guilty, and he affirmed the factual basis for the charge against him. The case contains no complexities in the nature of the charges or any unusual circumstances in the plea. The record contains no anomalies to raise our suspicion as to the voluntariness of Gomez's actions. There is no indication in the rearraignment transcript of any hesitation on Gomez's part while conversing with the court. Gomez made no objections to the magistrate judge's recommendation that the district court accept his plea as voluntary. He has never sought to withdraw his plea at any time, he filed no response to counsel's initial *Anders* motion, and he does not even now argue that there was coercive pressure brought to bear on his decision to plead guilty. In short, there is nothing in this record to reasonably impugn the Rule 11 colloquy or suggest a need to question more closely the voluntary nature of Gomez's plea. *See United States v. Henry*, 113 F.3d 37, 41–42 (5th Cir. 1997). Furthermore, given the state of this record and the lack of affirmative assertions from Gomez of an improper inducement to plead, this is not the type of case that implicates our discretion because it does not call into question the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993).

Gomez also argues that the magistrate judge failed to inform him of the court's obligation at sentencing to consider the Sentencing Guidelines and the other factors of 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). Although Gomez was not expressly given this admonishment, the magistrate judge did ask whether Gomez had discussed the Sentencing Guidelines with counsel, and Gomez

answered affirmatively. Gomez was also clearly informed of the statutory maximum sentence that he faced by pleading guilty. Therefore, he was fully aware of the consequences of his plea. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (holding that a defendant is aware of the consequences of his plea for sentencing purposes and the plea is voluntary as long as he understands the length of time he might possibly receive). Gomez cites nothing in the record, nor do we see anything, to indicate that there is a reasonable probability that, but for the magistrate judge's omission, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83, 124 S. Ct. at 2340.

Gomez further argues that the magistrate judge failed to inform him of his right against compelled self-incrimination. *See* Rule 11(b)(1)(E). Arguably, the magistrate judge implicitly suggested this right during the court's explanation of Gomez's other trial rights and the admonition that Gomez could testify at a trial "if you want." But more importantly, Gomez makes no showing of a reasonable probability that had he been informed of this right he would not have entered his plea, and he therefore fails to satisfy his burden on plain error review.

Finally, Gomez argues that the magistrate judge failed to inform him that any false statements at the plea hearing could subject him to prosecution for perjury. *See* Rule 11(b)(1)(A). Although this omission was error, there is no indication that Gomez made any false statements or that he has been threatened with a perjury prosecution. Therefore, this error did not affect Gomez's substantial rights. *See Law*, 633 F.2d at 1157.

Gomez argues that the deficiencies in the Rule 11 hearing require us to assume that his plea was unknowing and involuntary, and that he most likely would not have entered his plea but for the errors. Gomez is incorrect. The burden is his to make an affirmative showing that he reasonably would not have

entered his plea, *see Vonn*, 535 U.S. at 59, 122 S. Ct. at 1046, which he has not done.

AFFIRMED.