# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER MARTIN MEZA, also known as Meza, also known as Javier Meza, also known as Javier M. Meza,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-177-7

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Javier Martin Meza pleaded guilty to a superseding indictment that charged him with conspiracy to obstruct commerce by extortion and conspiracy to distribute 50 grams or more of methamphetamine. The district court imposed a below-guidelines sentence of imprisonment for 160 months. Meza timely appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50150

Meza argues that the district court omitted several warnings required by Federal Rule of Criminal Procedure 11, rendering his guilty plea involuntary. Where, as here, a defendant does not object to Rule 11 errors in the district court, this court reviews for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Reversal of a guilty plea conviction because of Rule 11 error requires a showing of "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We must determine whether the error prejudiced his decision to plead guilty. *United States v. Davila*, 133 S. Ct. 2139, 2143 (2013).

Meza complains that the court failed to warn him that he could be subject to prosecution for perjury; that the court would ensure the attendance at trial of defense witnesses; that he could be ordered to pay restitution; that, in assessing his sentence, the court would consider possible departures under the Sentencing Guidelines and the 18 U.S.C. § 3553(a) sentencing factors; and that his plea agreement contained a waiver of his right to appeal his sentence. *See* FED. R. CRIM. P. 11(b)(1)(A), (E), (K), (M), (N). He argues that, because he pleaded guilty only 11 days before trial, and because he executed the plea agreement on the day that he entered his guilty plea, the omitted warnings "would have been likely to affect his willingness to plead guilty." Meza does not claim that he was misled or explain how the omissions affected his decision to plead guilty, and his conclusory assertion is insufficient to establish a reasonable probability that, but for the errors, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83-84.

Meza argues that, by failing to ask whether his plea had been induced by a promise apart from the plea agreement, the court failed to ensure that his plea was voluntary. *See* FED. R. CRIM. P. 11(b)(2). He argues that if the court had made such an inquiry, "it likely would have uncovered the promise Meza

had from counsel." Even if this is sufficient to show that the inquiry would have revealed the promise, and even if counsel made such a promise, the record does not show that it affected his decision to plead guilty. *See Davila*, 133 S. Ct. at 2143.

The plea agreement provided, and Meza agreed, that "any estimate of the probable sentencing range that he may receive from his counsel" was "not a promise" and "did not induce his guilty plea." During rearraignment, the district court advised Meza of his range of punishment and the statutory minimum and maximum sentence, and it explained that his "actual punishment" is based on the guidelines calculations. Furthermore, at sentencing, defense counsel argued for a sentence of not more than 130 months, rather than the 120-month sentence that Meza says he was promised, and after being sentenced to a 160-month term of imprisonment, Meza never indicated that he had been misled or asked to withdraw his plea. Instead, he referenced his co-defendants' sentences and the terms of a co-defendant's plea agreement and asked, "[W]hy can't I get that?" Thus, Meza has not shown that, but for the district court's failure to ask if any promises had been made outside of the plea agreement, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83-84.

Meza also contends that, because each omission affected his substantial rights, when considered "[t]ogether, the effect was more striking." In light of his failure to establish prejudice as to any of the Rule 11 errors, his conclusory assertion in insufficient to establish that the cumulative effect of the errors prejudiced his decision to plead guilty. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.