# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10500
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERRY K. REED,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-481-6

Before BARKSDALE, HAYNES and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jerry K. Reed pleaded guilty to conspiring to unlawfully distribute hydrocodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(E)(i), and was sentenced to, *inter alia*, 216 months' imprisonment. In addition to the drug-distribution conspiracy charge, Reed was also indicted for: brandishing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and conspiring to brandish a firearm during a drug-

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

trafficking crime, in violation of § 924(o).  In exchange for his written agreement pleading guilty to the distribution charge, the firearm-related charges were dismissed on the Government's motion.  Reed claims, for the first time on appeal, his guilty plea was unknowing and should be vacated because the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 11.

And, Reed concedes, because he did not raise these issues in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Reed must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

The court failed to inform Reed that:  the Government could use any of his statements under oath in a prosecution for perjury; he had a right to counsel, appointed by the court if necessary, at every stage of the proceeding; and the court was obliged to consider the 18 U.S.C. § 3553(a) sentencing factors.  *See* Fed. R. Crim. P. 11(b)(1)(A), (D), (M).  Reed, however, has not shown that any of these Rule 11 failures affected his substantial rights because he has not shown "a reasonable probability that, but for the error[s], he would not have entered the [guilty] plea".  *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Reed neither asserts he is being threatened with a perjury charge, nor articulates how this error prejudiced his guilty plea.  Therefore, the district court's omission of the perjury warning is harmless and does not require reversal.  *See United States v. Law*, 633 F.2d 1156, 1157 (5th Cir. 1981).  Reed likewise offers no explanation for how his lack of notice regarding his right to

court-appointed counsel at all stages of his case and the court's required consideration of the § 3553(a) sentencing factors affected his decision to plead guilty.

In short, Reed's conclusory assertion that there is a reasonable probability he would not have pleaded guilty but for the Rule 11 errors is insufficient to establish the requisite reversible plain error. *See Dominguez Benitez*, 542 U.S. at 80–85; *United States v. Meza*, 642 F. App'x 332, 333–34 (5th Cir. 2016).

AFFIRMED.