[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13932
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24177-CMA; 1:12-cr-20291-CMA-10


ALINA FEAS,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 30, 2017)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Alina Feas, a federal prisoner represented by counsel, appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate.  The district court denied the motion because: (1) it was an unauthorized second or successive application; (2) it was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and (3) Feas did not show a reasonable probability that she would not have entered a guilty plea but for the alleged Rule 11 error.  On appeal, Feas argues that the instant motion is not second or successive because the factual basis for her claim did not exist at the time she filed her first § 2255 motion.  Citing *United States v. Pinto*, 838 F.2d 1566, 1569 (11th Cir. 1988), she argues that the prejudice required to succeed on her Rule 11(b)(1)(A) claim did not occur until she was actually threatened with a perjury prosecution, which threat did not occur until after the resolution of her first § 2255 motion.  She also argues the merits of her Rule 11(b)(1)(A) claim.[1]

We review *de novo* the dismissal of a § 2255 motion as second or successive.  *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002).

Pursuant to § 2255, a prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct the sentence if it was imposed

---

[1] Because, as discussed below, the district court correctly dismissed Feas's § 2255 motion as second or successive, the court lacked jurisdiction to consider the merits of her Rule 11 claim. Accordingly, we need not reach her arguments on that issue, or whether that issue is properly raised on appeal in the absence of a COA. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that the scope of appellate review in § 2255 proceedings is limited to the specific issues indicated in the COA).

2

in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, when a prisoner previously has filed a § 2255 motion to vacate, she must apply for and receive permission from this Court before filing a successive § 2255 motion. *Id.* § 2244(b)(3), 2255(h). Without authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

We have recognized that "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007)). Specifically, there are "a small subset of unavailable claims that must not be categorized as successive." *Id.* However, those small subset of claims involve previously unavailable "facts," such as the subsequent *vacatur* of a prior state conviction after the initial federal habeas proceedings concluded. *See id.* at 863-65.

In *Pinto*, a defendant appealed his conviction based on the district court's denial of a motion to withdraw his guilty plea. *Pinto*, 838 F.2d at 1568. The defendant claimed, in part, that he was not warned at the plea hearing that his statements could be used against him in a prosecution for perjury. *Id.* at 1569. We

3

stated that the defendant's claim merited "little discussion," because "a failure to warn under Fed. R. Crim. P. 11(c)(5)[2] is not a sufficient basis for attacking a plea absent a threat of prosecution for perjury or some other showing of prejudice," and the defendant had made no such showing. *Id.*

The district court correctly found that Feas's motion was an unauthorized second or successive § 2255 motion. Feas filed a previous § 2255 motion that the district court denied on the merits on August 12, 2014. In the instant motion, she makes a claim that was available to her at the time of the first motion. Feas's Rule 11 claim ripened on the day she pled guilty, May 7, 2013. While Feas argues that, because *Pinto* requires that a defendant making a Rule 1 1(b)(1)(A) claim show a threat of prosecution for perjury or make some other showing of prejudice, and because AUSA Medina did not threaten to prosecute her for perjury until November 17, 2014, she did not have a ripe claim until that day,this argument fails for two reasons. First, although *Pinto* states that a defendant making a Rule 11 failure-to-warn claim on direct appeal must show either a threat of prosecution for perjury or make some other showing of prejudice, *Pinto* does not address the issue of her case on appeal, namely, whether a newly made threat of prosecution for perjury qualifies as a "new fact" that would disqualify a second-in-time § 2255

---

[2] Rule 11(c)(5) has since been recodified as Rule 11(b)(1)(A).

motion from being categorized as "second or successive" under the AEDPA. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

Second, Feas's argument relying on *Pinto* fails because this Court lists an alternative option in the same sentence, stating that a defendant raising a Rule 11 claim may make "some other showing of prejudice." *Pinto*, 838 F.2d at 1569. Feas's claim is, in part, based on "some other showing of prejudice," in that she claims that she would not have pled guilty had she been properly advised that statements made during the change-of-plea hearing could be later used against her in a perjury prosecution.   Although Feas characterizes her Rule 11 claim as being based on both the district court's initial failure to warn and AUSA Medina's later threat of a perjury prosecution, a Rule 11 claim already was available to her at the time she filed her first § 2255 motion based on her claim that she would not have pled guilty had she been properly advised that statements made during the change-of-plea hearing could be later used against her in a perjury prosecution.  That Feas was later threatened with a perjury prosecution did not change the fact that the alleged defect at the heart of her Rule 11 (b)(1)(A) claim occurred on the day of her plea hearing.  As of that day--May 7, 2013--Feas had a cognizable Rule 11 claim based on her assertion that she would not have pled guilty had she been properly warned by the district court.

Therefore, the essential facts underlying her claim were available at the time she filed her first § 2255 motion, and she failed to raise this claim in her first motion. Further, Feas has not demonstrated that her claim falls into the small subset of claims that should not be categorized as successive. *Stewart*, 646 F.3d at 863-63. Because the instant motion was, therefore, a second or successive § 2255 motion, the district court did not have subject matter jurisdiction to consider the motion or its merits. *See* 28 U.S.C. § 2244(b)(3), 2255(h); *Farris*, 333 F.3d at 1216. Accordingly, we vacate and remand with instructions for the district court to dismiss the petition for lack of jurisdiction.

**VACATED AND REMANDED**