**UNITED STATES of America**

**v.**

**HENRY, James W.**

**Appeal of James William HENRY.**

**No. 89–5356.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Dec. 12, 1989.

Decided Jan. 8, 1990.

As Amended Jan. 30, 1990.

Patrick J. Duffy, Philadelphia, Pa., for appellant.

James J. West, U.S. Atty., Bruce Brandler, Asst. U.S. Atty., Scranton, Pa., for appellee.

Before SLOVITER, GREENBERG and SEITZ, Circuit Judges.

GREENBERG, Circuit Judge.

A ten count indictment was returned against appellant, James William Henry, in the Middle District of Pennsylvania for certain controlled substances offenses. In count one he was charged with conspiracy to manufacture and attempt to manufacture methamphetamine and phenylacetone, conspiracy to possess methamphetamine and phenylacetone with intent to manufacture and distribute, and conspiracy to maintain a place for the manufacture of controlled substances. In counts two through nine, Henry was charged with eight substantive offenses relating to manufacture, attempt to manufacture and possession of methamphetamine and phenylacetone, and in count ten he was charged with maintaining a place to manufacture methamphetamine and phenylacetone. He originally pleaded not guilty and the case was listed for trial on January 17, 1989.

On that day, however, a plea agreement was reached pursuant to which Henry pleaded guilty to counts one, two and ten of the indictment. Count two charged him with the manufacture of methamphetamine. This plea agreement was set forth in a formal document executed by Henry personally, his attorney and the United States Attorney. In the agreement Henry acknowledged that the sentencing guidelines would apply to the offenses and that the maximum penalty for each offense was 20 years together with substantial fines specified in the agreement but not involved here. The agreement also provided that Henry "understands that the Court must impose at least a three year term of supervised release," which would be in addition to the balance of the sentence, and that there would be "a term of supervised release to be determined by the Court."

The plea of guilty was entered in court on the same day at which time there was, of course, a lengthy colloquy. In addition to otherwise complying with the requirements of Fed.R.Crim.P. 11, the court explained to Henry that the sentence would be imposed under the sentencing guidelines. The court pointed out that under the guidelines the judge and probation office "make a compilation of your background and the criminal offense" involved. The court then indicated that under the guidelines a place is found on a chart with a recommended sentence specified in months. Henry was further told that there could be a deviation from the guidelines only on the basis of specific findings for "very restricted reasons." The Assistant United States Attorney then said that there may be "a term of supervised release after completion of any sentence to be determined by the Court." After the plea agreement was described, including an explanation of the maximum sentence possible, and the fact that there would be a term of supervised release imposed to follow the sentence, both Henry and his attorney said they understood the agreement. The court nevertheless went over the penalties again and pointed out that the maximum sentence was 60 years in prison with a $2,500,000 fine and "that there would be a special type of probationary period after the prison sentence." Henry said that he understood that. Ultimately, the plea of guilty was accepted.

A presentence report was subsequently prepared. The report concluded that, based on a total combined offense level of 34 and a criminal history category of III, the guideline imprisonment range was 188 to 235 months.

On the day fixed for sentencing, April 14, 1989, Henry filed a written motion to withdraw his guilty plea because he regarded the range under the guidelines as excessive and because the government would not recommend a deviation from the guidelines. He asserted that he had valid defenses to the charges though he did not indicate what they were. He did not, however, contend that he had been misled by the district court on January 17, 1989, when he entered the plea of guilty nor did he suggest that the court had not complied with Fed.R.Crim.P. 11(c) before it accepted his guilty plea.

Oral argument was held on Henry's motion on that day. He urged, in the light of *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), decid-

ed one day after he pleaded guilty, that the court had "very little leverage" to deviate from the guidelines and that the government would not recommend a deviation. In Henry's view the projected sentence, which under the guidelines called "for a minimum period of incarceration of 15 and-a-half years with no parole," was "tantamount to a life sentence" as he was over 50 years old. After some discussion, the case was continued until April 20, 1989, at which time the motion to withdraw the plea was denied. Henry at no time during the argument suggested that his plea had been invalid because the district court did not inform him of the mandatory term of supervised release when he pleaded guilty on January 17, 1989.

On April 20, 1989, Henry was sentenced to concurrent terms of 188 months on the three counts. He was also sentenced to a three year term of supervised release to be served concurrently on each of the three counts after he was released from imprisonment. He then filed an appeal from the judgment of sentence of April 20, 1989, which, accommodating the arguments he now advances, we treat as being essentially from the order denying his motion to withdraw his plea of guilty.

Henry raises two issues on the appeal. He asserts that the district court in two respects did not comply with Fed.R.Crim.P. 11(c) which provides for the court before accepting a plea of guilty to advise the defendant personally in open court of the mandatory minimum and maximum penalties provided by law for the offenses involved and the effect of any special parole term or term of supervised release. He points out that it did not inform him of the length of the mandatory term of supervised release and it did not advise him that the offense level for the offenses to which he was pleading guilty was 34, so that, without regard for his criminal history, the sentencing range was 151 to 188 months. He does not, however, suggest that the guidelines were incorrectly applied to him. We will affirm.

■ In the plea agreement Henry was advised of the minimum term of supervised release of three years and, when he pleaded guilty, he acknowledged that he understood the agreement. Furthermore, Henry was advised during the colloquy when he pleaded guilty that there was to be a term of supervised release to follow the imprisonment. In these circumstances, the fact that the district court did not state explicitly during the plea colloquy that the minimum period of supervised release would be three years, if error at all, is harmless under Fed.R.Crim.P. 11(h) which provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." *See United States v. De Le Puente*, 755 F.2d 313 (3d Cir.1985); *see also United States v. Fulford*, 825 F.2d 3, 6–8 (3d Cir. 1987). We do not see how substantial rights could be deemed affected by the fact that the court did not mention the minimum term of supervised release inasmuch as the term was set forth in the plea agreement which Henry signed on the very day he pleaded guilty.

■ The court did not err in not advising Henry of the guideline range for the offenses to which he was pleading guilty. The guideline range does not set a mandatory minimum penalty for an offense within the meaning of Fed.R.Crim.P. 11(c)(1), as that rule is concerned with *statutory* minimum and maximum penalties and not with guidelines ranges. *See United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir. 1989). Furthermore, the bottom of a guideline range does not necessarily place a floor on a sentence since downward departure from the guidelines, though certainly unusual, is permitted under 18 U.S.C. § 3553(b), upon an appropriate showing being made. *See United States v. Ryan*, 866 F.2d 604, 606 (3d Cir.1989).

Moreover, Fed.R.Crim.P. 11(c)(1) is predicated on the fact that statutory minimum and maximum sentences are "usually readily ascertainable from the face of the statute defining the crime, and thus it is feasible for the judge to know specifically what to tell the defendant." Fed.R.Crim.P. 11, advisory committee's note to 1974 amendment. By contrast, the guideline range

may be unascertainable at the time of the plea as the offense level can be adjusted upward or downward, depending on such factors as the vulnerability of the victim, guideline § 3A1.1, the defendant's role in the crime, guideline §§ 3B1.1, whether the defendant obstructed justice, guideline § 3C1.1, and whether the defendant accepted responsibility for his criminal conduct. Guideline § 3E1.1. These factors may require fact finding after the plea is entered. Thus, any estimate of the guideline range that the district court would give in advance of the pre-sentence report might well turn out to be misleading and could be the basis for a contention that the guilty plea should be invalidated. *See United States v. Colunga,* 786 F.2d 655, 658 (5th Cir. 1986).[1]

In view of the aforesaid, we conclude that the court did not err when it did not advise Henry of the bottom end of the range for the offenses to which he pleaded guilty. *See United States v. Turner,* 881 F.2d 684, 687 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989); *United States v. Fernandez,* 877 F.2d at 1142–43. Accordingly, the judgment of sentence of April 20, 1989, will be affirmed.

1. The result we reach is consistent with the amendment to Fed.R.Crim.P. 11(c)(1), effective December 1, 1989, and therefore not applicable to this case. The amendment requires the court to inform the defendant before accepting a plea of guilty or nolo contendere that "the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances...." The note to the rule indicates, in pertinent part, as follows:

The amendment mandates that the district court inform a defendant that the court is required to consider any applicable guidelines but may depart from them under some circumstances. This requirement assures that the existence of guidelines will be known to a defendant before a plea of guilty or nolo contendere is accepted. Since it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence report and resolution of disputed facts, the amendment does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant.