

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2005

# USA v. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Martinez" (2005). *2005 Decisions.* Paper 1580.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1580

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-2342

UNITED STATES OF AMERICA

v.

JOHNNY MARTINEZ
a/k/a
BOSS

Johnny Martinez,

Appellant

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
D.C. Criminal No. 00-cr-00024-6
District Judge: Hon. Ronald L. Buckwalter

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2004

Before: SCIRICA, *Chief Judge*, McKEE and
CHERTOFF, *Circuit Judges*

(Opinion filed: January 6, 2005)

OPINION

McKEE, *Circuit Judge*.

Johnny Martinez appeals from the sentence that was imposed following his plea of

guilty to one count of a superceding indictment charging him with participating in a

conspiracy to distribute more than 50 grams of cocaine base, as well as heroin and an

undetermined amount of marijuana. For the reasons that follow, we will affirm.

Inasmuch as we write only for the parties, we need not reiterate the factual or procedural history of this case in detail. The defendant pled guilty pursuant to a plea agreement and stipulated that his offense involved more than 3,000 grams of crack cocaine. His plea subjected him to a mandatory minimum sentence of 10 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). The sentence which he received, 70 months in prison followed by a term of supervised release, is less than the mandatory minimum that would have applied absent the district court's acceptance of the government's motion for a downward departure, and consideration the defendant received for his acceptance of responsibility. The sentence is therefore clearly legal, and there is no jurisdictional issue. *See* 18 U.S.C. § 3231.

Defense counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) by which counsel represents that he has undertaken a conscientious review of the record and is unable to identify any non-frivolous issue for appeal. We agree that no such issue exists.

We do note, however, that although the government states in its brief that "[t]he district court conducted a full and comprehensive plea colloquy [,]" Appellee's Br. at 10, defense counsel correctly notes that the district court failed to explain the effect of supervised release. *See* Appellant's Br. at 9. Nevertheless, as defense counsel concludes, that error is harmless. *Boykin v. Alabama,* 395 U.S. 238 (1969), and Fed. R. Crim. Proc.

2

11(h).  *See also*, *U.S. v. Henry*, 893 F.2d 46, 48 (3d Cir. 1990).

The colloquy conducted by the district court explained that defendant was waiving his right to self incrimination, trial by jury, and his right to confront his accusers. Defendant was informed of the nature of the charge against him, the minimum penalty provided by law, and the maximum possible penalty provided by law.  Therefore, failure to elaborate upon the operation of supervised release did not affect the defendant's substantial rights, and we therefore conclude that he knowingly, voluntarily, and intelligently, pled guilty to count I. Given the court's jurisdiction, there are no non-frivolous issues for appeal and nothing more needs be said. *See U.S. v. Ptomey*, 366 F.2d 759, 660 (3d Cir. 1966) ("A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt.").

Accordingly, for the reasons set forth herein we will affirm the judgment of sentence entered on May 10, 2002.